UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Phillip Andrew Bridges, # 347312, ) | C/A No. 6:12-1198-GRA-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Simpsonville Police Dept. Agency; ) | |
| Jimmy Dale Logan; ) | |
| Blaine Hudson, and ) | |
| Aaron Edwards, all sued Individually and in their Official ) | |
| Capacities, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil action filed *pro se* by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## **BACKGROUND**

Phillip Andrew Bridges ("Plaintiff") is currently incarcerated at Turbeville Correctional Institution, serving a sentence for first-degree possession of methamphetamine/cocaine base. The sentence he is serving was entered in Greenville County in August 2011. *See* SCDC, https://sword.doc.state.sc.us/scdc-public/. In the Complaint under review, he alleges that Defendants, all officials or employees of the Simpsonville City Police Department, filed false charges against him in June 2004 for domestic violence, marijuana

possession, possession of drug paraphernalia, and unlawful possession of a pistol. Compl. 4, ECF No. 1.  Essentially, he alleges that all Defendants conspired with Defendant Logan to place "bogus charges" on Plaintiff, and that he (Plaintiff) is still suffering harm from them. *Id.*

In his Answers to the Court's Special Interrogatories, Plaintiff admits that he was convicted on all of the complained-of charges, except for the possession of a pistol charge. Answers to the Ct.'s Special Interrogs., May 25, 2012, ECF No. 12.  He asserts that the convictions were entered on the charges in July 2004 without his knowledge and in violation of his request for a jury trial.  However, he also admits that he did not appeal any of the 2004 convictions, nor did he file any post-conviction relief applications challenging the convictions. *Id.* Plaintiff states that he did not know anything about the convictions until 2010, when he was informed that he could not drive because his license was suspended due to his criminal record. *Id.* The driving suspension was subsequently lifted, but Plaintiff alleges that the Defendants' actions in obtaining the Simpsonville convictions through "bogus charges" violated his federal constitutional rights.  He asks the court to declare that the actions violations his rights and to award him $ 250,000 in compensatory damages and $ 500,000 in punitive damages from each Defendant.  Compl. 5, ECF No. 1.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case.  This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines*

v. Kerner, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff's Complaint is subject to summary dismissal based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983 such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages [or other relief][1] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred if the allegations of the Plaintiff, if true, would invalidate the conviction or convictions.

The limitations period for such a post-trial civil rights action will not begin to run until the cause of action accrues, *i.e.*, until the conviction is set aside; therefore, a potential § 1983 plaintiff does not have to worry about the running of the statute of limitations while he or she is taking appropriate steps to have a conviction overturned. *See Wallace v. Kato*, 549 U.S. at 391-92; *Benson v. N. J. State Parole Bd.*, 947 F. Supp. 827, 830 (D. N.J. 1996)(following *Heck v. Humphrey* and applying it to probation and parole revocations "[b]ecause a prisoner's § 1983 cause of action will not have arisen, there need be no concern that it might be barred by the relevant statute of limitations."); *Snyder v. City of Alexandria*, 870 F. Supp. 672, 685-88 (E.D. Va. 1994).

---

[1] *See Johnson v. Freeburn*, 29 Fed. Supp.2d 764, 772 (S.D. Mich. 1998)(under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997)(injunctive relief sought).

As stated above, Plaintiff admits that he did not file an appeal and did not pursue any post-conviction relief applications to challenge the 2004 Simpsonville convictions of which he complains.  He acknowledges that they are still showing up as valid on his criminal record and that he is suffering consequences because of them.  Obviously, they have not bee set aside or ruled invalid up to this point.  Because Plaintiff has not been successful in having his 2004 Simpsonville convictions set aside by way of appeal, PCR, habeas corpus, or otherwise, and because Plaintiff's allegations, if true, would necessarily invalidate his conviction, he cannot sue either of the Defendants based on their involvement in his prosecution and ultimate conviction.  His claim that he had no knowledge of the convictions or of his right to appeal them does not save this Complaint from summary dismissal.  Regardless of his assertions otherwise, a person such as Plaintiff is bound by criminal convictions against him that show up on the public record, whether or not he had actual knowledge that they had been entered.  He cannot avoid the *Heck v. Humphrey* bar to his Complaint simply because he was actually unaware that the convictions were entered against him until it was too late to file a direct appeal or a post-conviction relief application.  As a result, this case is subject to summary dismissal as to all Defendants without issuance of service of process.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice*.  *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as

5

soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

*[signature]*

Jacquelyn D. Austin
United States Magistrate Judge

June 1, 2012
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk
United States District Court
300 E. Washington Street, Rm. 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).